# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI J. CALLOWAY,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. AKANNO, et al.,<br><br>    Defendants. | Case No. 1:13-cv-00747-SAB-PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's first amended complaint, filed December 18, 2014.

## I.

## PROCEDURAL HISTORY

The first amended complaint was filed in response to the December 4, 2014, order dismissing the original complaint and granting Plaintiff leave to file an amended complaint. In the order addressing the original complaint, the Court noted the following allegations. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Health Care Facility at Stockton, brings this civil rights action against defendant

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on June 3, 2013. (ECF No. 8.)

correctional officials employed by the CDCR at Kern Valley State Prison, where the events at issue occurred.[2] Plaintiff set forth Eighth Amendment claims of deliberate indifference to serious medical needs and failure to protect.

Plaintiff's allegations stem from his treatment for renal disease. The complaint set forth vague, rambling complaints about various aspects of Plaintiff's treatment. Plaintiff alleged that Defendants neglected to send him to an adequate treatment facility. Plaintiff also alleged that Defendants subjected him to valley fever. Plaintiff alleged that he had not been provided with a proper diet. Plaintiff alleged that he was inadequately housed, was forced to walk to dialysis in the rain, and that this hemodialysis treatment was terminated.

Plaintiff alleged that on July 13, 2011, Dr. Akanno refused to send Plaintiff to an outside hospital for an "emergency declotting." On July 14, 2011, Plaintiff reported to the Licensed Vocational Nurse (LVN) that his dialysis access port was clogged. Plaintiff was sent to the A Yard clinic. Dr. Akanno told Plaintiff that he just needed to take his psychiatric medication and that nothing was wrong with his dialysis access port. On July 15, 2011, Plaintiff appeared for his hemodialysis treatment. Plaintiff was told by the nurse that his access port was clogged. Plaintiff was sent out for a procedure to unclog the port.

Plaintiff also alleged deficient medical care regarding treatment for a broken leg. On September 18, 2012, Plaintiff injured his left leg. It was eventually determined that the leg was fractured, requiring surgery to fuse bones together with a plate. Plaintiff was seen by Dr. Akanno. Plaintiff alleged that Dr. Akanno refused to order an x-ray and told Plaintiff "it was nothing." Dr. Akanno ordered Plaintiff to leave the clinic. Plaintiff alleged that his leg was "swollen three times its size." Plaintiff alleged that Dr. Akanno refused to treat Plaintiff or provide him with any mobility devices. A correctional officer gave Plaintiff a wheelchair and escorted Plaintiff back to his cell.

The next day, Plaintiff underwent an x-ray which revealed the fractured bone. Dr. Lopez deemed Plaintiff's a non-emergency and scheduled Plaintiff to see a specialist on September 25.

---

[2] In the original complaint, Plaintiff named eight individual defendants and Davita, Inc., a company contracted with the CDCR to provide hemodialysis treatments. In the first amended complaint, Plaintiff names as defendants Dr. Akanno, Registered Nurse Satterfield, Davita, Inc., and J. Mamuag, a hemodialysis technician.

2

1  Plaintiff was provided pain medication and a wheelchair.  On September 25th, Plaintiff was seen
2  by the specialist.  Two days later, Plaintiff underwent surgery.

3        Plaintiff alleged that Davita employees did not monitor patients while they were
4  undergoing hemodialysis treatment.  Plaintiff alleged that the employees leave the room once a
5  patient is connected to the hemodialysis machine.  This resulted in an incident of a port coming
6  loose on the inmate next to Plaintiff, spraying Plaintiff with the inmate's blood.

7        In the December 4, 2014, order, the Court found that the complaint stated a claim under
8  the Eighth Amendment against Dr. Akanno for his conduct on September 18, 2012.  The
9  complaint did not state any other cognizable claims.  Plaintiff was given an opportunity to file an
10 amended complaint or notify the Court of his willingness to proceed against Dr. Akanno.  On
11 December 18, 2014, Plaintiff filed the first amended complaint that is now before the Court.

## II.

## ALLEGATIONS

14       In the first amended complaint, Plaintiff alleges that he had difficulties in pursuing his
15 health care appeals, which is "undermining his serious medical injuries by obstructing and
16 thwarting his 2nd level of review violating his 14th Amendment Due Process rights."  (Am.
17 Compl. p. 4.)  Plaintiff also refers to a complaint he filed against Davita, Inc. and its employees.
18 Plaintiff alleges that on August 10, 2012, he was placed in a hepatitis isolation room, "in which
19 Plaintiff did not have hepatitis at all until after being exposed to another patient's blood and
20 subjected to the filthy dirty inhumane isolation room and switch dialysis shifts and force to
21 dialysis with SNY inmates who had hepatitis C."  (Id.)  Plaintiff alleges that when he
22 complained, Defendant Nurse Satterfield referred to him using a racial epithet.

23       Regarding Dr. Akanno, Plaintiff alleges that Dr. Akanno subjected Plaintiff to imminent
24 danger on August 10, 2012, "when he was subjected to Hepatitis C and infected with a life
25 threaten [sic] disease which cause liver failure by RN Kelly Satterfield."  (Am. Compl. p. 7.)
26 Plaintiff also asserts the vague allegation that he was "maliciously retaliated against" by
27 Defendants Akanno, Satterfield, and Mamauag.  Plaintiff does not allege what specific conduct
28 any the defendants engaged in that was retaliatory, he simply contends that he was retaliated

against for complaining about his health care. Plaintiff also re-alleges that Dr. Akanno was deliberately indifferent to Plaintiff's serious medical needs on September 18, 2012.

Plaintiff attaches as exhibits to his complaint copies of relevant portions of his central and medical files. Plaintiff does not number or otherwise categorize his exhibits. Page 54 of Plaintiff's exhibits is a copy of the Second Level Response to Plaintiff's inmate grievance regarding the dialysis incident on August 10, 2012.[3] The response indicates that interviews conducted while investigating the complaint revealed that when a machine disconnects an alarm is activated and the machine shuts down. Very little, if any, blood escaped. Plaintiff also received a blood test for Hepatitis C and HIV on October 12, 2012. Plaintiff was advised that records revealed that he had refused his dialysis treatments at KVSP. The response also indicates that Plaintiff continually refused his RN evaluation. Plaintiff was advised that there was no indication for him to see a disease specialist, and that KVSP was following protocol regarding blood borne pathogen exposure.

## III.

## DISCUSSION

### A. Eighth Amendment Medical Care

In the order dismissing the original complaint, Plaintiff was advised that "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

The Court found that Plaintiff stated a claim against Dr. Akanno for deliberate

---

[3] The Court is not required to accept as true conclusory allegations which are contradicted by documents referred to in a the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

1  indifference on September 18, 2012. The Court found Plaintiff's remaining allegations regarding
2  his medical care to be vague. The Court noted that Plaintiff listed several instances of
3  inadequate medical care. Plaintiff was advised that he must allege facts indicating that each
4  individual defendant engaged in conduct that constituted deliberate indifference. Plaintiff was
5  advised that he must allege facts indicating personal participation by each defendant. Plaintiff
6  was specifically advised that "a person deprives another of a constitutional right where that
7  person "does an affirmative act, participates in another's affirmative acts, of omits to perform an
8  act which [that person] is legally required to do that causes the deprivation of which complaint is
9  made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007). The Court noted that Plaintiff
10 had failed to allege specific conduct by each individual defendant that stated a claim for relief.

11         The Court finds that in the first amended complaint, Plaintiff fails to correct the
12 deficiencies identified on the order dismissing the original complaint. Although Plaintiff has
13 alleged facts indicating that his intravenous tube was disconnected, he has not alleged any facts
14 indicating that it was caused by deliberate indifference on the part of any of the defendants. A
15 liberal construction of the first amended complaint, construing the facts in the light most
16 favorable to Plaintiff, indicates, at most, that the technicians were negligent. Mere
17 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
18 Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing Estelle, 429 U.S. at
19 105-106). Even gross negligence is insufficient to establish deliberate indifference to serious
20 medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Further,
21 Plaintiff's exhibits attached to his first amended complaint indicate that officials responded by
22 testing Plaintiff for Hepatitis and HIV, with negative results. That Plaintiff may have a different
23 opinion does not subject defendants to liability. A prisoner's mere disagreement with diagnosis
24 or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240,
25 242 (9th Cir. 1989).

26         Plaintiff re-alleges the conduct as to Dr. Akanno on September 18, 2012. The first
27 amended complaint therefore states a claim for relief against Defendant Dr. Akanno for his
28 conduct on September 18, 2012. The first amended complaint fails to state a claim for relief

against any other defendants for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

**B.     Retaliation**

Plaintiff alleges generally that he was subjected to "retaliatory reprisals." A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  A viable claim of retaliation in violation of the First Amendment consists of five elements:"  "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Cartier, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 169 (9th Cir. 2009).

Plaintiff does not specifically allege what conduct triggered the retaliatory reprisals, or what specific action any of the defendants engaged in that constituted reprisal.   Plaintiff does specifically allege that he had difficulties in filing his inmate grievances and health care appeals. Plaintiff alleges that the Appeals Coordinator, not named as a defendant, "deliberately obstructed and thwarted my appeal of the second level of review on 3-10-2013."  (Am. Compl. p. 3.) Plaintiff does not refer to a specific inmate grievance or to any specific conduct by any of the named Defendants indicating that they engaged in any specific conduct that was taken in reprisal for filing an inmate grievance.

Further, the exhibits attached to the first amended complaint indicate that Plaintiff exhausted five inmate grievances regarding the conduct at issue to the final, or Director's Level Review.  Plaintiff exhausted three Health Care Services Appeals:  Log Nos. KVSP HC 14045004; 12033611; 12-33568.  Plaintiff exhausted two appeals regarding staff complaints. Log Nos. 12000756 and 12000744.   The Court finds that Plaintiff's vague and conclusory allegations do not support his claim that he was retaliated against.  Plaintiff's retaliation claim is unsupported by the facts alleged in the first amended complaint.  This claim should therefore be dismissed.  Because Plaintiff asserted his retaliation claim for the first time in the first amended

complaint, the Court will grant Plaintiff one opportunity to file a second amended complaint that corrects the deficiencies identified as to Plaintiff's claim of retaliation.

### C. Failure to Protect

Regarding Plaintiff's claim that Defendants failed to protect him, the Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates. Farmer v. Brennan, 511 U.S. 825, 844 (1994). A prison official violates this duty when two requirements are met. Id. at 834. First, objectively viewed, the prison official's act or omission must cause "a substantial risk of serious harm." Id. Second, the official must be subjectively aware of that risk and act with "deliberate indifference to inmate health or safety." Id. at 834, 839-40 (internal quotation marks omitted). In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Deliberate indifference is "something more than mere negligence, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835. A prison official's deliberate indifference may be established through an "inference from circumstantial evidence" or "from the very fact that the risk was obvious." Id. at 842.

As noted above, Plaintiff's allegations regarding the conduct of the technicians in the dialysis clinic fail to state a claim for relief. Although Plaintiff has alleged facts indicating that his intravenous tube was disconnected, he has not alleged any facts indicating that it was caused by deliberate indifference on the part of any of the defendants. A liberal construction of the first amended complaint, construing the facts in the light most favorable to Plaintiff, indicates, at most, that the technicians were negligent. Plaintiff has failed to allege facts sufficient to subject any of the defendants to liability for deliberate indifference to his serious medical needs. Similarly, Plaintiff has failed allege any facts indicating that any of the Defendants knew of and disregarded a serious risk to Plaintiff's safety.

### IV.
### CONCLUSION AND ORDER

Plaintiff's first amended complaint states a cognizable claim against Dr. Akanno for

1  deliberate indifference to his serious medical needs for his conduct on September 18, 2012, in
2  violation of the Eighth Amendment.  Plaintiff has failed to state a claim for relief against any
3  other Defendants.  Plaintiff was previously notified of the applicable legal standard and the
4  deficiencies in his original pleading, and despite guidance from the Court, Plaintiff's first
5  amended complaint is largely identical to the original complaint.  Based upon the allegations in
6  Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to
7  allege any additional facts that would support a claim for deliberate indifference or failure to
8  protect by any of the remaining defendants, and further amendment would be futile.  See
9  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave
10 to amend when amendment would be futile.")   Based on the nature of the deficiencies at issue,
11 the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122,
12 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

13       The Court will provide Plaintiff with the opportunity to file an amended complaint curing
14 the deficiencies identified by the Court in this order as to Plaintiff's claim of retaliation.  Noll v.
15 Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

16       If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding
17 only against Defendant Akanno on his claim of deliberate indifference to serious medical needs,
18 Plaintiff may so notify the Court in writing.  The other defendants and claims will then be
19 dismissed for failure to state a claim.  Plaintiff will then be provided one summons and one
20 USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the
21 United States Marshal to initiate service of process on Defendant Akanno.

22       If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a),
23 but must state what each named defendant did that led to the deprivation of Plaintiff's
24 constitutional or other federal rights, Iqbal, 556 U.S. at 678-679; Jones, 297 F.3d at 934.
25 Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief
26 above the speculative level . . . Twombly, 550 U.S. at 555 (citations omitted).  The mere
27 possibility of misconduct is insufficient to state a claim.  Iqbal, 556 U.S. at 678.  Further,
28 Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

1 complaint. George v. Smith, 507 F.3d 1467, 1474 (7th Cir. 2007)(no "buckshot" complaints).

2  Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana,Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File a second amended complaint curing the deficiencies identified by the Court in this order as to his retaliation claim, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendants Akanno for deliberate indifference to serious medical needs; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:  **February 4, 2016**

_____
UNITED STATES MAGISTRATE JUDGE