# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI J. CALLOWAY,<br><br>            Plaintiff,<br><br>      v.<br><br>DR. AKANNO, et al.,<br><br>            Defendants. | Case No.  1:13-cv-00747–SAB-PC<br><br>ORDER DENYING  PLAINTIFF'S MOTION FOR LEAVE TO EXCEED 80 PAGES<br><br>(ECF NO. 25)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE A THIRD AMENDED COMPLAINT<br><br>THIRTY DAY DEADLINE |

Plaintiff Jamisi J. Calloway is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for leave to file a second amended complaint that exceeds 80 pages in length, filed on April 8, 2016. (ECF No. 25.) On the same date, Plaintiff filed a 105 page second amended complaint. (ECF No. 26.)

**I.**

**PROCEDURAL HISTORY**

The complaint in this action was filed on May 20, 2013. (ECF No.1.)  Plaintiff set forth claims of deliberate indifference to his serious medical needs and failure to protect in violation of the Eighth Amendment.  On December 4, 2014, an order was entered, finding that the complaint stated a claim for relief against Dr. Akanno for his conduct on September 18, 2012.  Plaintiff

1 failed to state a claim for relief against any of the remaining Defendants.  Plaintiff was given an
2 opportunity to either file a first amended complaint or notify the Court of his willingness to
3 proceed against Dr. Akanno for his conduct on September 18, 2012. (ECF No. 16.)   On
4 December 18, 2014, Plaintiff filed a first amended complaint. (ECF No. 17.)   On February 4,
5 2016, an order was entered, finding that the first amended complaint stated a claim for relief
6 against Dr. Akanno for his conduct on September 18, 2012, but failed to state any other claims
7 for relief.  (ECF No. 19.)  Plaintiff was specifically advised that his deliberate indifference and
8 failure to protect claims as to the remaining Defendants were dismissed without leave to amend,
9 as Plaintiff had been advised of the deficiencies in the order dismissing the original complaint,
10 and Plaintiff failed to correct the deficiencies in the first amended complaint.  Plaintiff's first
11 amended complaint failed to state a claim on his retaliation claim.  Because Plaintiff raised his
12 retaliation claim for the first time in the first amended complaint, the Court granted Plaintiff
13 leave to file a second amended complaint that corrects the deficiencies identified by the Court
14 regarding his retaliation claim.  On April 8, 2016, Plaintiff filed a motion for leave to file a
15 second amended complaint that exceeds 80 pages in length.  Plaintiff also filed a second
16 amended complaint that is 105 pages in length.

## II.

## SECOND AMENDED COMPLAINT

19     Plaintiff's April 8, 2016, second amended complaint is 105 pages long, and includes
20 long, rambling allegations regarding the history of Plaintiff's health care.  As noted above, the
21 first amended complaint stated a claim for relief against Dr. Akanno for deliberate indifference
22 to his serious medical needs on September 18, 2012.  Plaintiff's remaining medical care and
23 failure to protect claims were dismissed.  Plaintiff was granted leave to cure the defects identified
24 as to Plaintiff's retaliation claim only.

25     Plaintiff has twice been advised that a complaint must contain "a short and plain
26 statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).
27 Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause
28 of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).  While "plaintiffs [now] face a higher burden of pleading facts . . .," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.  Plaintiff does not need to prove his case at this stage of the litigation.  The court is only determining whether Plaintiff states a colorable claim.  Legal argument and evidence are not required at this stage of the litigation.   Plaintiff is advised that a short and simple statement of his claim will speed the screening of his case, and will help the litigation proceed in a more efficient manner.

## III.

## CONCLUSION AND ORDER

Plaintiff has not made a showing as to why his second amended complaint should be 105 pages in length.  In the order granting Plaintiff leave to file a second amended complaint, the Court found Plaintiff's retaliation claim to be vague, and provided Plaintiff with specific guidance in correcting this defect. (ECF No. 19 at 6:19.)   An amended complaint need only re-allege Dr. Akanno's conduct on September 18, 2012, and address the deficiency regarding Plaintiff's retaliation claim.  The April 8, 2016, second amended complaint is in violation of Rule 8's requirement that Plaintiff set forth a short and plain statement of his claim.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 8, 2016, motion for leave to file a second amended complaint that exceeds 80 pages in length is DENIED;

2. The April 8, 2016, second amended complaint is dismissed for a violation of Federal Rule of Civil Procedure 8(a)(2);

3. Plaintiff is granted leave to file a third amended complaint. The third amended complaint is due thirty days from the date of service of this order;

4. The third amended complaint must be a short, simple and concise statement of Plaintiff's claim, and may not exceed 25 pages in length.

5. The Court approved form and any additional pages submitted must be written or typed on only one side of a page and the writing or typewriting must be no smaller than standard elite type.

5. Should Plaintiff fail to file a third amended complaint in compliance with this order, the Court will dismiss Plaintiff's retaliation claim and send to Plaintiff the USM 285 form for service of process of the first amended complaint on Defendant Dr. Akanno.

IT IS SO ORDERED.

Dated: **April 12, 2016**

UNITED STATES MAGISTRATE JUDGE

4