# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI J. CALLOWAY,<br><br>            Plaintiff,<br><br>      v.<br><br>M. BITER, et al.,<br><br>            Defendants. | Case No. 1:13-cv-00747-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE APRIL 12, 2016, ORDER DISMISSING THE SECOND AMENDED COMPLAINT AND DENYING PLAINTIFF'S REQUEST TO FILE AN AMENDED COMPLAINT THAT EXCEEDS 80 PAGES<br><br>(ECF NO. 28)<br><br>THIRTY DAY DEADLINE TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIM |

**I.**

**BACKGROUND**

Plaintiff Jamisi J. Calloway is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] On April 8, 2016, Plaintiff filed a second amended complaint in response to the February 4, 2016, order, directing Plaintiff to either file a second amended complaint or proceed against Defendant Dr. Akanno on his claim of deliberate indifference to

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on June 3, 2013. (ECF No. 8.)

Plaintiff's serious medical needs. (ECF No. 19.)  Along with the April 8, 2016, second amended complaint, Plaintiff filed a motion seeking leave to file a second amended complaint that exceeded 80 pages in length.  On April 12, 2016, an order was entered, denying Plaintiff's request to exceed 80 pages, and dismissing the second amended complaint on the ground that it violated Federal Rule of Civil Procedure 8(a)'s requirement that Plaintiff set forth a short and plaint statement of his claims.  On April 28, 2016, Plaintiff filed a motion for reconsideration of the April 12, 2016, order dismissing his second amended complaint and denying his request to file an amended complaint that exceeds 80 pages in length. (ECF No. 28.)

## II.

## ANALYSIS

The motion for reconsideration is governed by Rule 60 of the Federal Rules of Civil Procedure and Rule 230 of the Local Rules of the United States District Court, Eastern District of California.  Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . exist." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008)(internal quotation marks omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." Marlyn Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)(internal quotation marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation . . . of that which was already considered by the court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to

1 induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield,
2 634 F.Supp. 646, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds,
3 828 F.2d 514 (9th Cir. 1987).

4       Plaintiff seeks reconsideration of the denial of his request to file an amended complaint
5 that exceeds 80 pages.  Plaintiff disagrees with the Court's ruling that the second amended
6 complaint did comply with Rule 8(a).  Plaintiff requests the Court to "either reconsider my
7 motion for leave to exceed 80 pages and reissue an order granting my second amended complaint
8 or issue a final order dismissing my whole case so I may exhaust my full case to the 9th Cir.
9 Court of Appeal on my 1st, 8th, and 14th Amendment claims." (ECF No. 28 at 2:10-14.)

10       For the reasons noted in the February 4, 2016, order, the first amended complaint states a
11 claim for relief against Dr. Akanno for deliberate indifference to Plaintiff's serious medical
12 needs.  The Court provided Plaintiff guidance in the form of the appropriate legal standards to
13 cure the defects identified by the Court in Plaintiff's first amended complaint. Plaintiff's second
14 amended complaint failed to cure the defects identified in the screening order, and failed to
15 include a short and plain statement of Plaintiff's claims.  The Court therefore dismissed the
16 complaint.  That Plaintiff disagrees with the Court's ruling does not entitle him to relief under
17 Rule 60 or Local Rule 230.  A simple disagreement with the Court does not meet Rule 60 or
18 Local Rule 230 standards.  Therefore, the motion for reconsideration should be denied.

19       Regarding Plaintiff's request to dismiss this case so Plaintiff can file an appeal, Plaintiff's
20 request is denied.  Should Plaintiff seek to dismiss this case on his own motion, he should file a
21 Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  This
22 action will then be dismissed, without prejudice, on Plaintiff's request.  Should Plaintiff desire to
23 proceed against Dr. Akanno on his medical care claim, he should notify the Court of his intention
24 to proceed.  Should Plaintiff seek to file a third amended complaint, he should do so in
25 compliance with the April 12, 2016, order dismissing the second amended complaint and the
26 February 4, 2016, order screening the first amended complaint.  Plaintiff is reminded that should
27 he fail to either notify the Court of his intention to proceed against Dr. Akanno or to file a third
28 amended complaint, this action will be dismissed for Plaintiff's failure to obey a court order.

## III.

## CONCLUSION AND ORDER

Plaintiff has not met the high burden of coming forward with new or different facts or circumstances or mistake of law to justify his motion to reconsider the April 12, 2016, order dismissing the second amended complaint and denying Plaintiff's request to file an amended complaint that exceeds 80 pages in length. The motion for reconsideration should therefore be denied. The Court will grant Plaintiff an extension of time of thirty days from the date of service of this order in which to either file a third amended complaint or notify the Court of his intention to proceed against Dr. Akanno on his medical care claim. Plaintiff's failure to do so will result in an order dismissing this action for Plaintiff's failure to obey a court order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the April 12, 2016, order dismissing his second amended complaint and denying his request to file an amended complaint that exceeds 80 pages is DENIED; and

2. Plaintiff is granted thirty days from the date of service of this order in which to either file a third amended complaint or notify the Court of his intention to proceed against Defendant Dr. Akanno on his medical care claim. Plaintiff's failure to do so will result in dismissal of this action for Plaintiff's failure to obey a court order.

IT IS SO ORDERED.

Dated:   **May 13, 2016**

UNITED STATES MAGISTRATE JUDGE