UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI J. CALLOWAY,<br><br>  Plaintiff,<br><br>  v.<br><br>DR. AKANNO, et al.,<br><br>  Defendants. | Case No. 1:13-cv-00747-SAB-PC<br><br>ORDER DISMISSING CERTAIN CLAIMS WITHOUT LEAVE TO AMEND AND PROVIDING PLAINTIFF ONE FINAL OPPORTUNITY TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 31)<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's third amended complaint, filed May 26, 2016. (ECF No. 31.)

**I.**

**PROCEDURAL HISTORY**

This action was initiated by civil complaint filed on May 20, 2013. (ECF No. 1.) Plaintiff, currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at the California Health Care Facility at Stockton, named as Defendants correctional officials employed by the CDCR at Kern Valley State Prison ("KVSP"). Plaintiff named as Defendants seven individuals and Davita, Inc. Plaintiff claimed that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on June 3, 2013. (ECF No. 8.)

Plaintiff also claimed that Defendants failed to protect him from serious injury in violation of the Eighth Amendment. On December 4, 2014, an order was entered, finding that the complaint stated a claim for relief against Defendant Dr. Akanno for his conduct on September 18, 2012, but failed to state any other claims for relief. Plaintiff was directed to either file a first amended complaint, or notify the Court of his intention to proceed against Dr. Akanno only on the claim found to be cognizable. (ECF No. 16.)

On December 18, 2014, Plaintiff filed a first amended complaint. (ECF No. 17.) Plaintiff named as Defendants Dr. Akanno, Registered Nurse Satterfield, J. Mamuag, and Davita, Inc. Plaintiff set forth Eighth Amendment claims of failure to protect and deliberate indifference to medical needs, and a First Amendment retaliation claim. On February 4, 2016, an order was entered, finding that the first amended complaint stated a cognizable claim against Dr. Akanno for deliberate indifference to his serious medical needs for his conduct on September 18, 2012, in violation of the Eighth Amendment. The Court provided Plaintiff an opportunity to file a second amended complaint, or notify the Court of his intention to proceed against Dr. Akanno on his deliberate indifference claim only. (ECF No. 19.)

On April 8, 2016, Plaintiff filed a motion for leave to file a second amended complaint in excess of eighty pages, along with a second amended complaint. (ECF No. 26.) The second amended complaint exceeded eighty pages in length, and included long, rambling, allegations detailing the history of his health care. On April 12, 2016, an order was entered, denying Plaintiff's motion for leave to file a second amended complaint in excess of eighty pages, and dismissing the second amended complaint for a violation of Federal Rule of Civil Procedure 8(a)(2). Plaintiff was granted leave to file a third amended complaint that does not exceed 25 pages in length. Plaintiff was advised that the third amended complaint must be a short, simple and concise statement of his claim. (ECF No. 27 at 4:5.) On May 26, 2016, Plaintiff filed the third amended complaint that is before the Court. (ECF No. 31.)

## II.

## SCREENING STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### ALLEGATIONS IN THIRD AMENDED COMPLAINT

Plaintiff names thirty-three individual Defendants, including Dr. Akanno, that are employed at KVSP and at other institutions within the CDCR. Plaintiff is a chronic care high risk inmate who is receiving hemodialysis and renal treatment. (Third Am. Compl. 9,[2] ECF No.

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

31.) Plaintiff alleges violations of his constitutional rights in violation of section 1983 and Title II of the American's With Disabilities Act ("ADA"). (Id. at 10.) The third amended complaint is a rambling legal argument that correctional officials in general are deliberately indifferent to his medical condition. Plaintiff's third amended complaint consists of conclusory arguments, and vague allegations that Defendants "whitewashed, obstructed, and rebuffed Plaintiff's due process rights." (Id. at 13.) Plaintiff references, for the first time in this lawsuit, failure to comply with the ADA. Plaintiff also asserts, for the first time, allegations of conduct by correctional officials that impeded his ability to collect declarations from other inmates in order to pursue a "class action group appeal." (Id. at 14.) Plaintiff also refers to an Olsen review of his records. (Id.) The Court has been able to glean the following factual allegations from the third amended complaint.

Plaintiff alleges that he was infected with Hepatitis C in addition to his already chronic renal failure. (Id.) Plaintiff makes a vague allegation about the deliberate failure to treat his serious broken leg after being in an out-patient, non-medical housing environment at KVSP. (Id. at 11.) Plaintiff appears to be alleging that his rights under the ADA are being violated by the failure to provide treatment, medical housing, a renal diet, and failure to make reasonable modifications and accommodations to rules, policies, and practices. (Id. at 12.) He alleges that he is being denied his rights under the ADA to be free from restraints during hemodialysis treatment, access to a wheelchair before and after dialysis, a renal diet with ice chips, treatment for his hepatitis C and broken leg. (Id. at 13.) Plaintiff alleges that he was not informed of his Hepatitis C diagnosis for almost a year after it was discovered. (Id. at 15.) Plaintiff contends that he was exposed to blood borne pathogens over three and one half years ago and should have been given the option for treatment for the exposure on the day of the incident. (Id.)

Plaintiff's complaint fails to state a cognizable claim for relief against any named defendant. The Court shall provide Plaintiff with the legal standards that appear to apply to the claims raised in the third amended complaint and shall allow Plaintiff one final opportunity to file an amended complaint to cure the deficiencies identified herein.

///

## III.

## DISCUSSION

### A.  Defendant Liability Under Section 1983

Plaintiff is advised that to state a claim under section 1983, he is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff has not linked any named defendant to any act or failure to act that would violate his federal rights. Accordingly, Plaintiff fails to state a claim under section 1983. In his amended complaint, Plaintiff must include sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### B.  Joinder

Further, Plaintiff is attempting to bring this action against over thirty defendants at different facilities within CDCR. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 653 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of

1 multiple claims against the same party.

2 In filing his amended complaint, Plaintiff should only allege claims that are properly
3 joined under the Federal Rules. If Plaintiff fails to comply with the rules of joinder, the Court
4 will determine which claims will proceed in this action and the improperly joined claims will be
5 dismissed from this action.

6       **C.      Eighth Amendment Medical Care**

7 "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an
8 inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d
9 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). The two part
10 test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by
11 demonstrating that 'failure to treat a prisoner's condition could result in further significant injury
12 or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need
13 was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d
14 1050, 1059 (9th Cir. 1992).

15 Plaintiff was previously advised that he must allege facts indicating that each individual
16 defendant engaged in conduct that constituted deliberate indifference. (ECF No. 16 at 4-5.)
17 Plaintiff was also advised that he must allege facts indicating personal participation by each
18 defendant. (Id. at 5.) Plaintiff was specifically advised that "a person deprives another of a
19 constitutional right where that person 'does an affirmative act, participates in another's
20 affirmative acts, of omits to perform an act which [that person] is legally required to do that
21 causes the deprivation of which complaint is made.' " (Id. (quoting Hydrick v. Hunter, 500 F.3d
22 978, 988 (9th Cir. 2007)). The Court noted that Plaintiff had failed to allege specific conduct by
23 each individual defendant that stated a claim for relief. (ECF No. 16 at 5.) While Plaintiff was
24 had previously stated a claim against Dr. Akanno for conduct that occurred on September 18,
25 2012, Plaintiff has not included the allegations against Dr. Akanno in the third amended
26 complaint. As Plaintiff was previously advised, an amended complaint supersedes the original
27 complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814
28 F.2d 565, 567 (9th Cir. 1987), and "[a]ll causes of action alleged in an original complaint which

are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. The third amended complaint does not include any allegations regarding the act or failure to act of any individual defendant.

The third amended complaint fails to state a claim for relief. Plaintiff fails to specifically charge any Defendant, including Dr. Akanno, with any specific conduct. The third amended complaint consists of conclusory allegations and statements of law. Plaintiff has been repeatedly advised that in order to hold an individual liable, he must charge that individual with specific conduct that constitutes a deprivation of a protected interest. (ECF Nos. 16 at 5:1, 19 at 8:22, 27 at 3:2.) The third amended complaint will therefore be dismissed.

As Plaintiff has previously filed a complaint that states a claim for deliberate indifference under the Eighth Amendment, he shall be provided one final opportunity to file an amended complaint on his Eighth Amendment claims.

**D.   Retaliation**

Plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements:" "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Cartier, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 169 (9th Cir. 2009).

In the order screening the first amended complaint, the Court noted that Plaintiff did not specifically allege what conduct triggered the retaliatory reprisals, or what specific action any of the defendants engaged in that constituted reprisal. Plaintiff did not refer to a specific inmate grievance or to any specific conduct by any of the named Defendants indicating that they engaged in any specific conduct that was taken in reprisal for filing an inmate grievance.

Plaintiff was previously notified of the applicable legal standard and the deficiencies in

1 his pleading, and despite guidance from the Court, Plaintiff's third amended complaint fails to
2 correct the identified deficiency regarding Plaintiff's retaliation claim. Based upon the
3 allegations in Plaintiff's first amended complaint and third amended complaint, the Court is
4 persuaded that Plaintiff is unable to allege any additional facts that would support a claim for
5 retaliation, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114,
6 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be
7 futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to
8 amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson,
9 809 F.2d 1446-1449 (9th Cir. 1987). This claim is therefore dismissed, without leave to amend,
10 for failure to state a claim upon which relief may be granted.

### E. Failure to Protect

Plaintiff alleges that the defendants failed to protect him when he was infected with Hepatitis C. The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). A prison official violates this duty when two requirements are met. Farmer, 511 U.S. at 834. First, objectively viewed, the prison official's act or omission must cause "a substantial risk of serious harm." Id. Second, the official must be subjectively aware of that risk and act with "deliberate indifference to inmate health or safety." Id. at 834, 839-40 (internal quotation marks omitted). In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Deliberate indifference is "something more than mere negligence, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835. A prison official's deliberate indifference may be established through an "inference from circumstantial evidence" or "from the very fact that the risk was obvious." Id. at 842.

In the orders dismissing Plaintiff's original and first amended complaints, Plaintiff was advised that his allegations regard failure to protect him that relate to his hemodialysis treatment

failed to state a claim for relief. (ECF No. 16 at 6-7; ECF No. 19 at 7.) Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff has failed to correct the identified deficiency in the third amended complaint. Based upon the allegations in Plaintiff's original complaint, first amended complaint, and third amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for failure to protect Plaintiff, and further amendment would be futile. See Hartmann 707 F.3d at 1130. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez, 203 F.3d at 1130; Noll, 809 F.2d at 1446-1449. Plaintiff's failure to protect claim is therefore dismissed, without leave to amend, for failure to state a claim upon which relief could be granted.

### E. Legal Standards Applying to Plaintiff's Newly Raised Allegations

Plaintiff's third amended complaint raises several new causes of action without alleging any facts to state a cognizable claim. Plaintiff shall be provided with the standards that apply to the third amended complaint and could potentially be joined in this action, but is advised in drafting his fourth amended complaint that he needs to decide which related claims he seeks to pursue in this action. Plaintiff is clearly trying to bring multiple unrelated claims that cannot proceed in a single action.

#### 1. Fourth Amendment

Plaintiff alleges that his DNA was stolen without his consent to conduct an HIV and Hepatitis test. Plaintiff does not allege any facts from which the Court can construe the basis for this claim. Accordingly, the Court construes that claim to allege an unlawful search of Plaintiff's DNA.

"The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *.'" Terry v. Ohio, 392 U.S. 1, 8 (1968). The Constitution does not forbid all searches and seizures, but only those searches and seizures that are unreasonable. Terry, 392 U.S. at 9. Therefore, the touchstone of the Fourth Amendment is reasonableness in which the

1 Court examines the totality of the circumstances to determine whether the search is reasonable. 2 U.S. v. United States v. Kriesel, 508 F.3d 941, 947 (9th Cir. 2007). To determine if a search is 3 reasonable, the court assesses "the degree to which it intrudes upon an individual's privacy," 4 compared to "the degree to which it is needed for the promotion of legitimate governmental 5 interests." Id. at 947 (citations omitted).

6 The Supreme Court has found that blood taken by a physician in a hospital environment 7 according to acceptable medical practices to obtain a blood-alcohol level was a reasonable 8 search. Schmerber v. California, 384 U.S. 757, 772 (1966). Courts have construed Schmerber to 9 confirm "society's judgment that blood tests do not constitute an unduly extensive imposition on 10 an individual's privacy and bodily integrity." Skinner v. Ry. Labor Executives' Ass'n, 489 U.S. 11 602, 625 (1989). Courts have also found that collection of DNA from convicted felons for 12 identification purposes is reasonable regardless of whether the DNA was collected by a buccal 13 swab sampling or a blood draw. United States v. Kriesel, 508 F.3d 941, 948 (9th Cir. 2007) 14 (probationers); Hamilton v. Brown, 630 F.3d 889, 896 (9th Cir. 2011) (inmates).

15       2.      <u>Americans with Disabilities Act</u>

16 Plaintiff contends that the defendants violated the ADA when they failed to protect his 17 chronic care treatment, failed to provide medical housing and house Plaintiff at a medical facility 18 due to his serious medical and mental health needs, failed to provide a renal diet, and failed to 19 make reasonable modifications and accommodations to the rules, policies, and state practices 20 that effect Plaintiff's medical needs, and denying access to a wheelchair before and after dialysis 21 treatment.

22 Title II of the ADA provides that "no qualified individual with a disability shall, by 23 reason of such disability, be excluded from participation in or be denied the benefits of the 24 services, programs, or activities of a public entity, or be subject to discrimination by such entity." 25 42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates 26 by jails and prisons. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 208-13; Simmons v. 27 Navajo Cnty., 609 F.3d 1011, 1021-22 (9th Cir. 2010). "To establish a violation of Title II of the 28 ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was

excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

Plaintiff alleges that he is a qualifying individual with disability because he suffers from renal disease and requires treatment for renal failure. (ECF No. 10.) The Court assumes without deciding that Plaintiff's renal failure would make him a qualified individual under Title II of the ADA.

Plaintiff's allegations regarding inadequate medical care, and the treatment or lack of treatment concerning Plaintiff's medical condition do not provide a basis upon which to impose liability under the ADA. Simmons, 609 F.3d at 1022 (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)). However, Plaintiff is alleging that he was denied medical housing, access to a wheelchair before and after treatment, and the CDCR did not make reasonable accommodations to rules, policies, and procedures due to his disability. Specifically, Plaintiff alleges that he should be free from restraints during hemodialysis treatment. These would qualify as services, programs or activities of the public entity.

The final requirement is that the exclusion or discrimination was by reason of Plaintiff's disability. To state a claim, Plaintiff must allege facts to show that CDCR's policies unduly burden him due to his disability. McGary, 386 F.3d at 1265. This requires the public entity to make reasonable modifications in policy practice and procedures when necessary to avoid discrimination unless the public entity can demonstrate that making the modifications would alter the nature of the service program or activity. 28 C.F.R. § 35.130(b)(7). Plaintiff's conclusory allegations do not identify any CDCR policy and are not sufficient for the Court to conclude that Plaintiff was unduly burdened by CDCR's policies due to his disability. Therefore, Plaintiff fails to state a cognizable claim for violation of the ADA.

Further, Plaintiff cannot bring an ADA claim against individual prison employees in their personal capacities as such claims are precluded under the ADA. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002); Becker v. Oregon, 170 F.Supp.2d 1061, 1066 (D. Or. 2001); Abbott

11

v. Rosenthal, 2 F.Supp.3d 1139, 1144 (D. Idaho 2014).  While the ADA does provide for suits against a defendant in their official capacity, such suits are treated as a suit against the State and therefore, "the entity's policy or custom must have played a part in the violation of federal law." Hafer v. Melo, 502 U.S. 21, 25 (1991).  Although Plaintiff states that the claims are brought against the defendants in their official capacities, the third amended complaint does not identify any policy or custom of CDCR that violated his federal rights; nor does the third amended complaint contain allegations that any individual was acting pursuant to a policy or custom of the CDCR.  Plaintiff fails to state a cognizable claim for violation of the ADA.

**F.    Amended Complaint**

Plaintiff will be given leave to file a fourth amended complaint.  Plaintiff is advised that the failure to comply with the Local Rules, the Federal Rules of Civil Procedure, and the Court's orders will result in Plaintiff's fourth amended complaint being stricken from the record.  If Plaintiff chooses to amend the complaint, the amended complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

**IV.**

**CONCLUSION AND ORDER**

Plaintiff's third amended complaint fails to state a claim against any named defendant. Plaintiff was previously notified of the applicable legal standard and the deficiencies in his original pleading, and despite guidance from the Court, Plaintiff's second and third amended complaints fail to state a claim for relief.  The Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for retaliation or failure to protect and further amendment would be futile.  See Hartmann, 707 F.3d at 1130.  Based on the nature of the deficiencies at issue, the Court finds that further leave to amend these claims is not warranted. Lopez, 203 F.3d at 1130; Noll, 809 F.2d at 1446-1449.

Plaintiff is granted leave to file a fourth amended complaint within thirty days.  Noll, 809 F.2d at 1448-49.  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's fourth amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state

what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678-79. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth, 114 F.3d at 1474; King, 814 F.2d at 567, and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's third amended complaint, filed May 26, 2016, is dismissed for failure to state a claim upon which relief could be granted;

2. Plaintiff's claims for retaliation in violation of the First Amendment and failure to protect in violation of the Eighth Amendment are dismissed without leave to amend;

3. Plaintiff shall file a fourth amended complaint within thirty days from the date of service of this order; and

4. If Plaintiff fails to file a fourth amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 7, 2016**

UNITED STATES MAGISTRATE JUDGE

13