1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   JAMISI JERMAINE CALLOWAY,              )   Case No.: 1:13-cv-00747-SAB (PC)
                                            )
12                         Plaintiff,       )
                                            )   ORDER DENYING PLAINTIFF'S THIRD
13             v.                           )   MOTION FOR APPOINTMENT OF COUNSEL,
                                            )   WITHOUT PREJUDICE
14   M.D. BITER, et al.,                    )
                                            )   (ECF No. 36)
15                         Defendants.      )
                                            )
16                                          )
                                            )
17   _____       )

18          Plaintiff Jamisi Jermaine Calloway is appearing pro se and in forma pauperis in this civil rights

19   action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a United States

20   Magistrate Judge. (ECF No. 8.)

21          Now pending before the Court is Plaintiff's third motion for appointment of counsel, filed

22   December 7, 2016. (ECF No. 36.) Plaintiff states in support that he lacks a high school diploma or a

23   GED, that his case is complex, that he lacks legal knowledge, and that he requires counsel to assist

24   him in articulating his case.

25          As has been previously explained to Plaintiff, he does not have a constitutional right to

26   appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court

27   cannot require any attorney to represent him pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United</u>

28   <u>States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain

                                            1

exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the court to evaluate a plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the Court does not find the exceptional circumstances necessary to request volunteer counsel. At this early stage in the proceedings, the Court cannot find any likelihood of success on the merits. Nor does the Court find that Plaintiff cannot adequately articulate his claims or respond to the Court's orders. In several of his pleadings, the Court in fact found that Plaintiff stated cognizable claims, although his most recent amended complaint was dismissed with leave to amend for the failure to state any claim upon which relief could be granted. (ECF No. 35.) Plaintiff is advised that he is not precluded from renewing the motion for appointment of counsel at a later stage of the proceedings, if appropriate.

Accordingly, it is HEREBY ORDERED that Plaintiff's third motion for appointment of counsel, filed December 7, 2016 (ECF No. 36), will be DENIED without prejudice.


IT IS SO ORDERED.

Dated:  __December 8, 2016__

_____
UNITED STATES MAGISTRATE JUDGE