**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JAMISI JERMAINE CALLOWAY, | ) | Case No.: 1:13-cv-00747-SAB (PC) |
| Plaintiff, | ) | |
| | ) | ORDER OVERRULING OBJECTIONS TO |
| v. | ) | ORDER TO SHOW CAUSE, AND DISMISSING |
| | ) | ACTION FOR FAILURE TO STATE A |
| M.D. BITER, et al., | ) | COGNIZABLE CLAIM AND FAILURE TO OBEY |
| | ) | A COURT ORDER |
| Defendants. | ) | |
| | ) | ORDER THAT DISMISSAL COUNT AS A |
| | ) | STRIKE PURSUANT TO 28 U.S.C. §1915(g) |
| | ) | |
| | ) | |

**I.**

**INTRODUCTION**

Plaintiff Jamisi Jermaine Calloway is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 8.)

On November 7, 2016, the Court screened and dismissed Plaintiff's third amended complaint for failure to state a claim upon which relief could be granted. (ECF No. 35.) Plaintiff was directed to file a fourth amended complaint within thirty days from the date of service of that order. (Id. at 13)

On December 7, 2016, Plaintiff filed his third motion for the appointment of counsel. (ECF No. 36.) That motion was denied, and the Court reminded Plaintiff that his most recent amended

complaint was dismissed for the failure to state any claim upon which relief could be granted, with leave to amend. (Id. at 2.)

Plaintiff's fourth amended complaint was due on or before December 12, 2016. On February 2, 2017, the Court issued an order to show cause, noting that Plaintiff's fourth amended complaint had not been filed and he had not communicated with the Court since his December 7, 2016 motion for the appointment of counsel. The Court ordered Plaintiff to either show cause in writing why this action should not be dismissed, or file his overdue amended complaint. (ECF No. 38.)

Currently before the Court is Plaintiff's objection to the order to show cause, filed February 13, 2017. (ECF No. 39.)

## II.

## OBJECTIONS

Plaintiff states in his objections that it would be a waste of time to file a fourth amended complaint because he has nothing further to add to his allegations, and because he believes he has sufficiently stated a claim. Plaintiff argues that the Court has not shown leniency and he feels it has threatened dismissal rather than exercising its discretion to appoint counsel. Plaintiff further argues that the Court should reconsider appointing counsel to assist him with amending his claims.

Plaintiff has shown no grounds for the Court to reconsider its December 8, 2016 order denying his third request for the appointment of counsel. (ECF No. 37.) As Plaintiff has been previously and repeatedly informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.

The Court reviewed and carefully considered the record, as well as Plaintiff's assertions regarding his lack of legal knowledge and lack of a high school diploma.  The legal issues in this case are not complex, however, and Plaintiff can adequately articulate his claims. In fact, the Court noted that Plaintiff had stated a claim in prior pleadings in this matter, although his most recent amended

complaint was dismissed for the failure to state a cognizable claim. (ECF No. 37, p. 2.) Thus, he was granted leave to amend, which he now declines.[1]

The Court properly determined that the exceptional circumstances that would warrant a request for voluntary assistance of counsel do not exist in this case. See Rand, 113 F.3d at 1525. Plaintiff has not shown that the Court committed any error in denying his prior request for counsel, and therefore his motion to reconsider the denial of the appointment of counsel, is denied.

### III.

### DISMISSAL OF ACTION

Plaintiff's objections do not show good cause for his failure to comply with the Court's previous orders, nor has he filed his overdue amended complaint. He further indicates that he does not intend to file any further amended complaint and instead stands on his Third Amended Complaint.

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3)

---

[1] Although Plaintiff does not have a legal education, he has significant experience litigating matters in pro per, including a case which he litigated through trial in this district. See Calloway v. Veal, et al., Case No. 1:08-cv-01896-LJO-GSA (E.D. Cal.) (judgment entered on February 3, 2017, in favor of Defendants, following a jury trial at which Plaintiff represented himself). See also Calloway v. Scribner, et al., Case No. 1:11-cv-00803-DLB (E.D. Cal.) (Plaintiff's pro se complaint found to state a claim, and action later dismissed on statute of limitations grounds); Calloway v. Kelley, et al., Case No. 1:11-cv-01090-LJO-SAB (E.D. Cal.) (Plaintiff proceeded pro se in action through summary judgment, which was granted in favor of Defendants, and judgment entered on October 30, 2015).

the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, the action has been pending for over three years, Plaintiff's fourth amended complaint is more than two months overdue, and he has indicated he does not intend to file that overdue complaint. For the reasons explained in the Court's November 7, 2016 screening order, Plaintiff's third amended complaint was dismissed for the failure to state a claim upon which relief could be granted. (ECF No. 35.) Thus, this case does not currently proceed on any viable pleading, and Plaintiff has failed to comply with the order requiring him to file another complaint. (Id. at 13.) The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424. The Court's November 7, 2016 screening order, (ECF No. 35, at p. 13), and its February 1, 2017 order to show cause (ECF No. 38, at p. 2.), each expressly warned Plaintiff that his failure to file a fourth amended complaint would result in dismissal of this action for failure to state a claim and to obey a court order. Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary

expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.**

**CONCLUSION**

Accordingly, the Court HEREBY ORDERS that:

1.  This action be DISMISSED, with prejudice, for failure to state a claim under 28 U.S.C. § 1915A;

2.  This action be DISMISSED, with prejudice, for failure to obey the Court's November 7, 2016 order (ECF No. 35) and February 1, 2017 order (ECF No. 38), and for Plaintiff's failure to prosecute this action; and

3.  This dismissal count shall constitute as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **February 16, 2017**

UNITED STATES MAGISTRATE JUDGE

5