# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>Plaintiff,<br><br>v.<br><br>M.D. BITER, et al.,<br><br>Defendants. | Case No.: 1:13-cv-00747-SAB (PC)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS SUIT FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF Nos. 31, 47, 48] |

## I.

## BACKGROUND

Plaintiff Jamisi Jermaine Calloway is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This case has a lengthy procedural history, which the Court will briefly summarize here. Plaintiff initiated this action on May 20, 2013, by filing the initial complaint. (ECF No. 1.) On December 4, 2014, the previously-assigned United States Magistrate Judge issued an order requiring Plaintiff to either file an amended complaint, or notify the Court of his willingness to proceed upon claims found to be cognizable. (ECF No. 16.)

Plaintiff filed a first amended complaint on December 18, 2014. (ECF No. 10.) On August 17, 2015, the matter was reassigned to the undersigned upon the retirement of the previously-assigned

Magistrate Judge. (ECF No. 18.) On February 4, 2016, the Court issued an order requiring Plaintiff to either file a second amended complaint, or notify the Court of his willingness to proceed upon the cognizable claim in his first amended complaint. (ECF No. 19.)

Plaintiff then sought several extensions of time to amend his pleading, (ECF Nos. 21, 23), which were granted, (ECF Nos. 22, 24). On April 8, 2016, Plaintiff filed a second amended complaint, (ECF No. 26), along with a motion requesting to exceed the page limitation, (ECF No. 25.) On April 12, 2016, the Court denied Plaintiff's request to exceed the page limitation, finding the second amended complaint to be excessively lengthy as it exceeded 80 pages in length, and that Plaintiff had not made a showing as to why he should be allowed additional pages. (ECF No. 27.) Plaintiff was granted leave to file a third amended complaint not to exceed 25 pages in length. (Id.) Plaintiff sought reconsideration of this order, (ECF No. 28), which was denied, (ECF No. 29).

On May 26, 2016, Plaintiff filed a third amended complaint. (ECF No. 31.) On November 7, 2016, the Court screened and dismissed the third amended complaint for failure to state a claim upon which relief could be granted. (ECF No. 35.) Plaintiff was granted leave to file a fourth amended complaint. (Id. at 13.)

On December 7, 2016, Plaintiff filed a motion for the appointment of counsel. (ECF No. 36.) That motion was denied, and the Court reminded Plaintiff that his most recent amended complaint was dismissed for the failure to state any claim upon which relief could be granted, with leave to amend. (Id. at 2.)

Plaintiff's fourth amended complaint was due on or before December 12, 2016. On February 2, 2017, the Court issued an order to show cause, noting that Plaintiff's fourth amended complaint had not been filed and he had not communicated with the Court since his December 7, 2016 motion for the appointment of counsel. The Court ordered Plaintiff to either show cause in writing why this action should not be dismissed, or file his overdue fourth amended complaint. (ECF No. 38.)

On February 13, 2017, Plaintiff filed an objection to the order to show cause. (ECF No. 39.) In his objections, Plaintiff stated that it would be a waste of time to file a fourth amended complaint, and that the Court had erred in screening his pleadings and in denying his several requests for the appointment of counsel. (Id.)

On February 17, 2017, the undersigned addressed Plaintiff's objection, and found that he had not shown any error in its prior rulings. (ECF No. 40.) As Plaintiff had declined to amend his complaint and elected to stand on his third amended complaint, the undersigned also dismissed the action for failure to state a cognizable claim for relief. (Id.) Judgment was entered the same day. (ECF No. 41.) Plaintiff filed a notice of appeal on March 13, 2017. (ECF No. 42.)

On June 25, 2018, the Ninth Circuit Court of Appeals vacated and remanded the action to this Court. (ECF No. 47.) Specifically, the Ninth Circuit found that because all the parties, including unserved defendants, had not consented to proceed before a United States Magistrate Judge, the dismissal order was vacated and the case was remanded for further proceedings pursuant to Williams v. King, 875 F.3d 500, 503-04 (9th Cir. 2017). (Id.) The Ninth Circuit's mandate was issued on July 18, 2018, ordering that the June 25, 2018 judgment takes effect as of that date. (ECF No. 48.)

Now, for the reasons discussed below, the Court recommends that Plaintiff's action be dismissed for the failure to state a cognizable claim for relief.

## II.

## SCREENING REQUIREMENT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The pleadings of pro se litigants are construed liberally and are afforded the benefit of any doubt. Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989), and "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673

F.2d 266, 268 (9th Cir. 1982)). Also, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## III.

## PRIOR PLEADINGS

Since this action commenced, Plaintiff has been in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). In his original complaint, he named as defendants seven correctional officials employed by the CDCR at Kern Valley State Prison ("KVSP"), and Davita, Inc. Plaintiff claimed that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff also claimed that defendants failed to protect him from serious injury in violation of the Eighth Amendment. The Court found that Plaintiff stated a claim for relief against Defendant Dr. Akanno for his conduct on September 18, 2012, but failed to state any other claims for relief. P

In Plaintiff's first amended complaint, he named as defendants Dr. Akanno, Registered Nurse Satterfield, J. Mamuag, and Davita, Inc. Plaintiff set forth Eighth Amendment claims of failure to protect and deliberate indifference to medical needs, and a First Amendment retaliation claim. The Court again found a cognizable claim against Dr. Akanno for deliberate indifference to his serious medical needs for his conduct on September 18, 2012, in violation of the Eighth Amendment, and no other cognizable claims.

As noted above, Plaintiff's second amended complaint exceeded eighty pages in length, and included long, rambling, allegations detailing the history of his health care. The Court now turns to Plaintiff's third amended complaint in this context.

# IV.

# FOURTH AMENDED COMPLAINT ALLEGATIONS

Plaintiff names thirty-three individual defendants, including Dr. Akanno, that are employed at KVSP and at other institutions within the CDCR. Plaintiff is a chronic care high risk inmate who is receiving hemodialysis and renal treatment. (Third Am. Compl. 9.) Plaintiff alleges violations of his constitutional rights in violation of section 1983 and Title II of the American's With Disabilities Act ("ADA"). (Id. at 10.)

The third amended complaint is a rambling legal argument that correctional officials in general are deliberately indifferent to his medical condition. Plaintiff's third amended complaint consists of conclusory arguments, and vague allegations that Defendants "whitewashed, obstructed, and rebuffed Plaintiff's due process rights." (Id. at 13.) Plaintiff references, for the first time in this lawsuit, failure to comply with the ADA. Plaintiff also asserts, for the first time, allegations of conduct by correctional officials that impeded his ability to collect declarations from other inmates in order to pursue a "class action group appeal." (Id. at 14.) Plaintiff also refers to an Olsen review of his records. (Id.)

The Court has been able to glean the following factual allegations from the third amended complaint: Plaintiff alleges that he was infected with Hepatitis C in addition to his already chronic renal failure. (Id.) Plaintiff makes a vague allegation about the deliberate failure to treat his serious broken leg after being in an out-patient, non-medical housing environment at KVSP. (Id. at 11.) Plaintiff appears to be alleging that his rights under the ADA are being violated by the failure to provide treatment, medical housing, a renal diet, and failure to make reasonable modifications and accommodations to rules, policies, and practices. (Id. at 12.) He alleges that he is being denied his rights under the ADA to be free from restraints during hemodialysis treatment, access to a wheelchair before and after dialysis, a renal diet with ice chips, treatment for his hepatitis C and broken leg. (Id. at 13.) Plaintiff alleges that he was not informed of his Hepatitis C diagnosis for almost a year after it was discovered. (Id. at 15.) Plaintiff contends that he was exposed to blood borne pathogens over three and one-half years ago, and should have been given the option for treatment for the exposure on the day of the incident. (Id.)

///

# V.

# DISCUSSION

## A. Defendant Liability Under Section 1983

To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). To state a claim, the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff has not linked any named defendant to any act or failure to act that would violate his federal rights. As discussed above, his pleading is conclusory and rambling, with no specific acts or omissions linked to each individual defendant. Accordingly, Plaintiff fails to state a claim under section 1983.

## B. Joinder

Further, Plaintiff is attempting to bring this action against over thirty defendants at different facilities within CDCR. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 653 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Here, no claim is properly stated against any defendant, nor are factual assertions made showing that any claim should be properly joined here.

///

### C.     Eighth Amendment Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). The two-part test for deliberate indifference requires a plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

Plaintiff was previously advised that he must allege facts indicating that each individual defendant engaged in conduct that constituted deliberate indifference. (ECF No. 16 at 4-5.) Plaintiff was also advised that he must allege facts indicating personal participation by each defendant. (Id. at 5.) Plaintiff was specifically advised that "a person deprives another of a constitutional right where that person 'does an affirmative act, participates in another's affirmative acts, of omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" (Id. (quoting Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)). The Court noted that Plaintiff had failed to allege specific conduct by each individual defendant that stated a claim for relief. (ECF No. 16 at 5.)

While Plaintiff was had previously stated a claim against Dr. Akanno for conduct that occurred on September 18, 2012, Plaintiff has not included the allegations against Dr. Akanno in the third amended complaint. As Plaintiff was previously advised, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. The third amended complaint does not include any allegations regarding the act or failure to act of any individual defendant.

The third amended complaint fails to state a claim for relief based on deliberate indifference. Plaintiff fails to specifically charge any Defendant, including Dr. Akanno, with any specific conduct. Instead, as noted above, third amended complaint consists of conclusory allegations and statements of

7

law. Plaintiff has been repeatedly advised that in order to hold an individual liable, he must charge that individual with specific conduct that constitutes a deprivation of a protected interest. (ECF Nos. 16 at 5:1, 19 at 8:22, 27 at 3:2.) Yet, he has indicated that he has no intent to amend his allegations to state any claim, and instead stands upon the third amended complaint. Therefore, further leave to amend should not be granted here.

### D. Retaliation

Plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Cartier, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 169 (9th Cir. 2009).

In the order screening the first amended complaint, the Court noted that Plaintiff did not specifically allege what conduct triggered the retaliatory reprisals, or what specific action any of the defendants engaged in that constituted reprisal. Plaintiff did not refer to a specific inmate grievance or to any specific conduct by any of the named Defendants indicating that they engaged in any specific conduct that was taken in reprisal for filing an inmate grievance.

Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's third amended complaint fails to correct the identified deficiency regarding Plaintiff's retaliation claim. Based upon the allegations in Plaintiff's first amended complaint and third amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for retaliation, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

### E. Failure to Protect

Plaintiff alleges that the defendants failed to protect him when he was infected with Hepatitis C. The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). A prison official violates this duty when two requirements are met. Farmer, 511 U.S. at 834. First, objectively viewed, the prison official's act or omission must cause "a substantial risk of serious harm." Id. Second, the official must be subjectively aware of that risk and act with "deliberate indifference to inmate health or safety." Id. at 834, 839-40 (internal quotation marks omitted). In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Deliberate indifference is "something more than mere negligence, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835. A prison official's deliberate indifference may be established through an "inference from circumstantial evidence" or "from the very fact that the risk was obvious." Id. at 842.

In the orders dismissing Plaintiff's original and first amended complaints, Plaintiff was advised that his allegations regard failure to protect him that relate to his hemodialysis treatment failed to state a claim for relief. (ECF No. 16 at 6-7; ECF No. 19 at 7.) Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff has failed to correct the identified deficiency in the third amended complaint. Based upon the allegations in Plaintiff's original complaint, first amended complaint, and third amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for failure to protect Plaintiff, and further amendment would be futile. See Hartmann 707 F.3d at 1130; Lopez, 203 F.3d at 1130; Noll, 809 F.2d at 1446-1449.

### F. Newly Raised Allegations

Plaintiff's third amended complaint raises several new causes of action without alleging any facts to state a cognizable claim. Plaintiff is clearly trying to bring multiple unrelated claims that cannot proceed in a single action. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, for the reasons discussed below, Plaintiff has not pleaded sufficient facts to state a claim for these new causes of action.

### 1. Fourth Amendment

Plaintiff alleges that his DNA was stolen without his consent to conduct an HIV and Hepatitis test. Plaintiff does not allege any facts from which the Court can construe the basis for this claim. Accordingly, the Court construes that claim to allege an unlawful search of Plaintiff's DNA.

"The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *.'" Terry v. Ohio, 392 U.S. 1, 8 (1968). The Constitution does not forbid all searches and seizures, but only those searches and seizures that are unreasonable. Terry, 392 U.S. at 9. Therefore, the touchstone of the Fourth Amendment is reasonableness in which the Court examines the totality of the circumstances to determine whether the search is reasonable. United States v. Kriesel, 508 F.3d 941, 947 (9th Cir. 2007). To determine if a search is reasonable, the court assesses "the degree to which it intrudes upon an individual's privacy," compared to "the degree to which it is needed for the promotion of legitimate governmental interests." Id. at 947 (citations omitted).

The Supreme Court has found that blood taken by a physician in a hospital environment according to acceptable medical practices to obtain a blood-alcohol level was a reasonable search. Schmerber v. California, 384 U.S. 757, 772 (1966). Courts have construed Schmerber to confirm "society's judgment that blood tests do not constitute an unduly extensive imposition on an individual's privacy and bodily integrity." Skinner v. Ry. Labor Executives' Ass'n, 489 U.S. 602, 625 (1989). Courts have also found that collection of DNA from convicted felons for identification purposes is reasonable regardless of whether the DNA was collected by a buccal swab sampling or a blood draw. United States v. Kriesel, 508 F.3d 941, 948 (9th Cir. 2007) (probationers); Hamilton v. Brown, 630 F.3d 889, 896 (9th Cir. 2011) (inmates). Therefore, Plaintiff has not stated a claim here based on an unlawful search of his DNA, and this deficiency cannot be cured through amendment.

### 2. Americans with Disabilities Act

Plaintiff contends that the defendants violated the ADA when they did the following: (1) failed to protect his chronic care treatment; (2) failed to provide medical housing and house Plaintiff at a

medical facility due to his serious medical and mental health needs; (3) failed to provide a renal diet; (4) failed to make reasonable modifications and accommodations to the rules, policies, and state practices that effect Plaintiff's medical needs; and (5) denied access to a wheelchair before and after dialysis treatment.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by jails and prisons. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 208-13; Simmons v. Navajo Cnty., 609 F.3d 1011, 1021-22 (9th Cir. 2010). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

Plaintiff alleges that he is a qualifying individual with disability because he suffers from renal disease and requires treatment for renal failure. (ECF No. 10.) The Court assumes without deciding that Plaintiff's renal failure would make him a qualified individual under Title II of the ADA.

Plaintiff's allegations regarding inadequate medical care, and the treatment or lack of treatment concerning Plaintiff's medical condition do not provide a basis upon which to impose liability under the ADA. Simmons, 609 F.3d at 1022 (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)). However, Plaintiff is alleging that he was denied medical housing, access to a wheelchair before and after treatment, and the CDCR did not make reasonable accommodations to rules, policies, and procedures due to his disability. Specifically, Plaintiff alleges that he should be free from restraints during hemodialysis treatment. These would qualify as services, programs or activities of the public entity.

The final requirement is that the exclusion or discrimination was by reason of Plaintiff's disability. To state a claim, Plaintiff must allege facts to show that CDCR's policies unduly burden him

11

due to his disability. McGary, 386 F.3d at 1265. This requires the public entity to make reasonable modifications in policy practice and procedures when necessary to avoid discrimination unless the public entity can demonstrate that making the modifications would alter the nature of the service program or activity. 28 C.F.R. § 35.130(b)(7). Plaintiff's conclusory allegations do not identify any CDCR policy and are not sufficient for the Court to conclude that Plaintiff was unduly burdened by CDCR's policies due to his disability. Therefore, Plaintiff fails to state a cognizable claim for violation of the ADA.

Further, Plaintiff cannot bring an ADA claim against individual prison employees in their personal capacities as such claims are precluded under the ADA. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002); Becker v. Oregon, 170 F.Supp.2d 1061, 1066 (D. Or. 2001); Abbott v. Rosenthal, 2 F.Supp.3d 1139, 1144 (D. Idaho 2014). While the ADA does provide for suits against a defendant in their official capacity, such suits are treated as a suit against the State and therefore, "the entity's policy or custom must have played a part in the violation of federal law." Hafer v. Melo, 502 U.S. 21, 25 (1991). Although Plaintiff states that the claims are brought against the defendants in their official capacities, the third amended complaint does not identify any policy or custom of CDCR that violated his federal rights; nor does the third amended complaint contain allegations that any individual was acting pursuant to a policy or custom of the CDCR. Plaintiff fails to state a cognizable claim for violation of the ADA. As noted above, he has stated that he has no intend to amend his allegations further, and these claims are unrelated to his original complaint. Therefore, further leave to amend to attempt to state a claim under the ADA in this action is not warranted.

## IV.

## CONCLUSION AND RECOMMENDATION

The Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Further, for the reasons explained above, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to state a claim for which relief may be granted.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the

12

Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 19, 2018**__

UNITED STATES MAGISTRATE JUDGE